```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**GARY O. McKENZIE,**

                      Petitioner,

      v.                             CASE NO. 05-3372-RDR

**DUKE TERRELL, et al.,**

                      Respondents.

## MEMORANDUM AND ORDER

     This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed upon payment of the filing fee by an inmate of the Federal Prison Camp, Leavenworth, Kansas.  Petitioner has also filed a Motion to Compel (Doc. 8).  Having considered all materials filed, the court finds as follows.

## CLAIMS

     Mr. McKenzie claims the United States Bureau of Prisons (BOP) has unlawfully denied his request for early release under 18 U.S.C. 3621(e)(2)(B).  In support of his claim he alleges (1) he was granted a sentence reduction on his original sentence but the BOP refused to release him; (2) the BOP violated the Administrative Procedure Act, 5 U.S.C. § 552 (APA) in promulgating its 1997 interim regulation governing early release, so it was invalid and its application to his case was improper; and (3) the BOP improperly used Program Statement 5162.04 to disqualify him from sentence reduction.  Petitioner argues the

period of his supervised release should be shortened by one year and seeks immediate release.

**FACTS, BACKGROUND, AND PROCEDURAL HISTORY**

In 1994 Congress passed legislation directing the BOP to make appropriate substance abuse treatment programs available to federal inmates. To encourage participation, the statute provided:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). To implement this statute, in 1995 the BOP promulgated a regulation and a program statement. The statute does not define "nonviolent offense." The BOP's internal policy statement, or Program Statement (PS), listed numerous offenses and categorized each crime as either (1) a crime of violence in all cases or (2) a crime of violence in some cases depending upon the facts of each specific case. See BOP PS 5162.02, Definition of Term Crime of Violence. Under this original Program Statement, the offense of conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) was categorized as a crime of violence in all cases. See Parsons v. Pitzer, 149 F.3d 734, 737 (7th Cir. 1998).

In 1995, McKenzie was convicted in the United States District

2

Court for the Eastern District of Wisconsin of felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1).

In October 1997, the BOP implemented a revised regulation and Program Statement to be discussed later herein.

In 1998, McKenzie first applied for the prison's Drug Abuse Treatment Program (DATP) and early release. He was initially informed that although he could participate in the program, he would be ineligible for a one-year sentence reduction based upon his conviction as a felon in possession of a firearm under 18 U.S.C. § 922(g). Memorandum (Doc. 2) Exh. 1. According to the BOP, petitioner was denied early release because PS 5162.04 identified his offense "as one that, at the Director's discretion, shall preclude inmates from receiving certain program benefits, including early release." He alleges this initial determination was made at FPC, Duluth. After petitioner was transferred to FPC, Yankton, he was again informed on December 24, 1998, of his ineligibility for early release. Petitioner alleges he enrolled in the DATP in 1998, and "between early 1998 and December 1998" was simultaneously notified he was qualified to participate in the program, but precluded from sentence reduction upon successful completion of the program based upon his conviction under 18 U.S.C. 922(g).

Petitioner then filed a federal habeas corpus petition in the United States District Court for the District of South Dakota

3

challenging the denial of his request for early release. He alleges that on June 25, 1999, the district court granted relief and ordered the BOP to consider him for early release. The BOP then notified him that a court had ordered his reconsideration for early release[1], and he was found provisionally eligible for early release based upon the court order. On July 9, 1999, a form entitled "Notice of Provisional Determination for 18 U.S.C. § 3621(e) Sentence Reduction" was issued "to the ISM" which stated petitioner had entered the unit-based segment of the DATP on January 11, 1999, and would complete that segment on August 6, 1999. The form further provided:

> This memorandum serves to notify you of the inmate's admittance into the unit-based component of the residential drug abuse treatment program and of his provisional eligibility for a sentence reduction under 18 U.S.C. § 3621(e).
> Please adjust the inmate's current projected release date to reflect a provisional 18 U.S.C. § 3621(e) release date. This adjusted § 3621(e) date is provisional, and may change.

Id., Exh. 6. The Warden signed this form. Petitioner alleges he did complete the DATP on August 6, 1999.

Petitioner further alleges the decision of the U.S. District

---

[1] Petitioner exhibits a form Notice dated June 25, 1999, which provided: "Inmate was convicted of 922(g), which per Director's discretion would preclude early release. However, U.S. District Court, South Dakota has ordered he be considered for early release." Memorandum (Doc. 2), Exh. 4. Petitioner also exhibits a form Notice issued on June 28, 1999, which provided, ". . .[I]t does . . . appear that you are provisionally eligible for an early release." Id., Exh. 5. Comments on the form are: "you were convicted of 922(g) which per director's discretion would preclude early release. However, U.S. District Court, South Dakota has ordered you to be considered for early release. Court order McKenzie vs. Davis."

Court in South Dakota on his habeas petition was reversed on appeal by Bellis v. Davis, 186 F.3d 1092 (8th Cir., Aug. 10, 1999), aff'd, Lopez v. Davis, 531 U.S. 230 (2001). Even though the BOP had previously notified him that he was provisionally considered eligible for early release based upon the district court's order, once that order was overturned the BOP notified McKenzie he was not eligible for early release. He states his case "was consolidated with others appealed to the Supreme Court" in Lopez v. Davis. He complains that the BOP refused to release him on September 26, 1999.

Petitioner alleges he filed administrative grievances challenging the BOP's denial of early release. He exhibits an informal resolution form dated May 19, 2005, in which he complained that he was denied early release and required to serve the final year of his sentence. He stated therein that on or about September, 2000, he had been released to a CCC. He also stated he completed "the transitional treatment program at FPC Duluth between 9/99 and 9/00," and successfully completed "the community-based program in Milwaukee, WI., (around) September 2000 through March 23 of 2001." He argued in this grievance that he was entitled to early release because once the BOP notified him of his eligibility, by "long-standing policy" his early release was conditioned only upon successful completion of the treatment program; he had a "settled expectation of 3621(e)

5

release;" he was denied the release without due process; and he participated in the DATP and did nothing to lose the one-year reduction. The relief requested was a one-year reduction in his "current" sentence (his "supervised release incarceration"), and release to a CCC for the last year. Memorandum (Doc. 2), Exh. 7. The reply to this grievance provided "Your prior sentence precluded you from early release, based upon you conviction under 922(g)." Id., Exh. 8.

On June 8, 2005, petitioner submitted another grievance claiming he was entitled to the one-year sentence reduction. The Warden's response to this administrative remedy provided:

> . . . Your original offense was . . . 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm. Program Statement 5162.04, Categorization of Offenses, Director's Discretion, Section 7e, states, "All offenses under 18 U.S.C. 922(g) shall preclude an inmate from receiving certain Bureau program benefits."
> . . . Due to your conviction of Felon in Possession of a Firearm, you were determined to be ineligible for a 3621(e) Early Release.
> Your records indicate you were found to be early release eligible erroneously and within a month the error was discovered and corrected while you were designated at Federal Prison Camp, Yankton, South Dakota. Therefore, you were and remain ineligible for the 3621(e) Early Release Benefit due to your conviction. . . .

Id., Exh. 10. Petitioner submitted a Regional Administrative Remedy Appeal on July 6, 2005. The Regional Director reiterated the findings of the Warden and held:

> . . . Due to your conviction of Felon in Possession of a Firearm, you are ineligible for a Title 18 U.S.C. § 3621(e) early release. Additionally initial

6

> determination of whether you are qualified to participate in the (RDAP) and whether you are eligible for early release are provisional; consequently, notification of your status in these regards, as indicated by Form BP-765, remains subject to review at any time during your incarceration.

Id., Exh. 12.

Petitioner filed the instant Petition on September 19, 2005. This court issued a show cause order to petitioner requiring him to demonstrate full exhaustion of administrative remedies on all his claims. On November 22, 2005, petitioner filed a copy of the response to his National Appeal. The response is dated November 4, 2005, and provided:

> 18 U.S.C. § 3621(e) provides the Director of the BOP the discretion to grant a sentence reduction of not more than one year upon the successful completion of the (DATP). The exercise of this discretion is described in 28 C.F.R. § 550-58 and Program Statement 5330.10, Drug Abuse Programs Manual. The regulation at § 550.58 states in pertinent part: "The following categories of inmates are not eligible [for early release]: . . . inmates whose current offense is a felony . . . that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives . . . ." Furthermore, on January 10, 2001, in Lopez v. Davis, the United States Supreme Court upheld 28 C.F.R. 550.58 as a permissible exercise of discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B).
> Records indicate you were convicted of 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm. P.S. 5162.04, Categorization of Offenses, identifies 18 U.S.C. 922(g) as an offense that, at the Director's discretion, precludes you from receiving certain program benefits, including early release. We find the decision that you are precluded from receiving a sentence reduction to be consistent with the above referenced statute, regulation, and program statements.

Reply (Doc. 7), Attach. 3.

**APPLICABLE BOP REGULATION AND PROGRAM STATEMENT**

The "interim regulation" governing petitioner's initial request for early release was published by the BOP in 1997 and provided, in relevant part:

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release . . .
> (vi) Inmates whose current offense is a felony . . .
> (B) That involved the carrying, possession, or use of a firearm. . . .

28 C.F.R. § 550.58(a)(1)(vi)(B)(1998).  At the same time, the BOP issued Program Statement 5162.04, regarding categorization of offenses for purposes of determining inmate eligibility for certain program benefits.  Section 7 of the Program Statement is entitled "OFFENSES THAT AT THE DIRECTOR'S DISCRETION SHALL PRECLUDE AN INMATE'S RECEIVING CERTAIN BUREAU PROGRAM BENEFITS," and specifically provides that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits." PS 5162.04 § 7(e); see Brown v. Scibana, 86 F.Supp.2d 702 (E.D.Mich. 2000); Gunderson v. Hood, 268 F.3d 1149, 1151 (9th Cir. 2001).

**DISCUSSION**

**ENTITLEMENT TO EARLY RELEASE**

In January, 2001, the United States Supreme Court held in

8

Lopez v. Davis, 531 U.S. at 244, that 18 U.S.C. § 3621(e) grants the BOP discretion and authority to deny early release to a category of prisoners whose offense was a felony involving carrying, possession, or use of firearm. Thus, it is now quite clear that the 1997 regulation, and program statement implementing it, were substantively sound[2].  See Gunderson at 1152.  It follows that any claim petitioner raises which might be construed as a challenge to the BOP's authority to deny early release based upon his offense has no legal merit.

There is also no merit to Mr. McKenzie's due process argument that he had a protected liberty interest in a sentence reduction once he completed the drug treatment program.  As the U.S. Supreme Court held in Lopez, "When an eligible prisoner successfully completes drug treatment, the Bureau . . . has the authority (under 3621(e)(2)(A)and (B)), but not the duty, to reduce his term of imprisonment.  Lopez, 531 U.S. at 242; Bush v. Pitzer, 133 F.3d 455, 457 (7th Cir. 1997)(mere eligibility to be considered for a sentence reduction does not require the BOP to grant the relief the prisoner seeks; "[e]ligibility is not an entitlement.").  As even the dissent in Lopez noted, the words "may be reduced" do not mean "shall be reduced."  Lopez, 531 U.S.

---

[2]  McKenzie does not allege he was denied early release under the 1995 regulation invalidated by some appellate courts including in Fristoe v. Thompson, 144 F.3d 627 (10th Cir. 1998). Instead, he alleges he was first considered for early release in 1998, which was after the 1997 regulation was published by the BOP on October 9, 1997.

9

at 248 (dissenting opinion); see also Bellis, 186 F.3d at 1094, *citing* Bush, 133 F.3d at 457. The Court stated in Lopez that Congress has not identified further circumstances in which the Bureau must grant the reduction. Lopez, 531 U.S. at 242.

Furthermore, it has been clearly held by the U.S. Supreme Court that a convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Fristoe, 144 F.3d at 630. Nor does Section 3621(e)(2)(B) create a liberty interest. A statute which allows a decision maker to deny the requested relief within its unfettered discretion does not create a constitutionally-recognized liberty interest. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Moreover, a denial of a reduction of sentence under 18 U.S.C. § 3621(e)(2)(B) does not amount to a "dramatic departure from the basic conditions" of petitioner's sentence. Sandin v. Conner, 515 U.S. 472, 485 (1995). Consequently, Mr. McKenzie does not present a valid due process claim of entitlement based on completion of the program. Taylor v. U.S. Bureau of Prisons, 172 F.3d 879, **2 (10th Cir. 1999, Table)[3].

Mr. McKenzie's due process argument that he had a protected

---

[3] A copy of this unpublished opinion is attached in accordance with Appellate Court Rules.

10

liberty interest in a sentence reduction which arose after he was granted provisional early release is likewise without legal merit. While in lawful custody, petitioner unsuccessfully applied for a sentence reduction. Then at a later point, the BOP changed its earlier denial and provisionally granted petitioner early release based solely upon a district court mandate. However, when that judicial mandate was reversed on appeal, the BOP changed its provisional determination to deny early release in accordance with its valid policy. As McKenzie was never among the class of inmates who were eligible for sentence reduction under legitimate BOP policy, his due process claim necessarily fails. See Royal v. Tombone, 141 F.3d 596, 603 (5th Cir. 1998). Petitioner was repeatedly informed he was ineligible for early release under BOP rules, that his provisional eligibility was based only upon a court decision contrary to those rules, and always that his eligibility was conditional and provisional. Thus, petitioner does not make a convincing case for either a vested right or "settled expectation of eligibility."

**APA CLAIM**

The court is not required to determine petitioner's claim that the 1997 regulation was invalid because it was not properly

11

promulgated under the APA[4]. This is so because it is clear petitioner did not present this specific claim in his administrative grievance and appeals at all levels. Thus, the BOP has not had the opportunity to determine this precise claim under the facts of his particular case[5].

In any event, even if the 1997 regulation were ultimately held to be procedurally invalid[6], and yet had been applied to deny

---

[4] It is not clearly settled that the 1997 BOP regulation, 28 C.F.R. §550.58, is immune from attack on procedural grounds. In Lopez, an amicus argued that the 1997 regulation was invalid because the BOP did not comply with the notice and comment provisions of the Administrative Procedure Act ("APA") during promulgation. The Supreme Court refused to consider the argument because it had not been raised in the court of appeals nor included in the petition for certiorari. Lopez, 531 U.S. at 244, FN 6; Gunderson, 268 F.3d at 1152.

The 1997 regulation presumably was applied to petitioner's case, since he entered the program in 1998. However, not unlike the petitioners in Lopez, McKenzie failed to raise the claim of invalidity of the 1997 regulation based on noncompliance with the APA in his initial and intermediate level administrative appeals. Instead, he raised the issue for the first time in his National Appeal. The response to his national appeal did not address this issue.

[5] Some cases indicate the BOP has granted relief to inmates who challenged the denial of early release based upon a regulation which was held to be invalid by a court within a particular jurisdiction. Petitioner does not provide authority and this court finds none that the 1997 regulation has been held invalid for failure to follow APA procedures in this jurisdiction.

[6] The 1997 regulation may have been viewed as a substantive rule based on the finding that it effected a change in existing law or policy. However, even assuming that the 1997 version of 28 C.F.R. 550.58 was invalid because of an APA violation, the BOP's action taken here in accordance with PS 5162.04 was a valid exercise of its discretion under 3621(e)(2)(B). Opinions to the contrary in the 9th Circuit and another district relied upon by petitioner are not binding on this Court, nor are they persuasive. Disagreement between the BOP and a court outside the Tenth Circuit does not render the BOP construction unreasonable or invalid within this district. See Venegas v. Henman, 126 F.3d 760, 764 (5th Cir. 1997), cert. denied, 523 U.S. 1108, (1998) (rejecting the Ninth Circuit view that the BOP exceeded its statutory authority in excluding § 922(g)(1) offenders from early release eligibility); Taylor, 172 F.3d 879 at **2.

petitioner's request for early release, petitioner would not be entitled to release. The statute itself was in full force and effect. Congress vested discretionary authority in the BOP to determine an inmate's eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) and imposed only two restrictions: (1) only prisoners convicted of nonviolent offenses are eligible for early release; and (2) an inmate's sentence may be reduced by no more than one year. The BOP was given discretion "to distinguish among statutorily 'eligible' prisoners on sensible grounds." Bush, 133 F.3d at 458. Courts have since held that felon in possession is rationally treated as a violent offense[7]. The United States Supreme Court expressly held that "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Lopez, 531 U.S. at 240.

It has always been recognized that only prisoners convicted of nonviolent offenses are eligible for early release under 18 U.S.C. 3621(e)(2)(B). Petitioner does not argue that his crime was a nonviolent offense or one that the BOP lacked discretion to

---

[7] This is not a case where the petitioner was denied release based upon sentencing enhancements to a nonviolent crime. Given the substantial risk of danger and the inherently violent nature of firearms, particularly firearms in the possession of a convicted felon, there is nothing unreasonable about the BOP's determination that an inmate convicted of being a felon in possession of a firearm will not be eligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B), notwithstanding successful completion of a drug abuse treatment program. Parsons, 149 F.3d at 737.

deny release upon. See Hunnicutt v. Hawk, 229 F.3d 997, 1000 (10th Cir. 2000). It follows that the denial of early release to petitioner was in accord with the BOP's statutory authority and it's applicable Program Statement, even if no valid regulation was in effect at the time.

The BOP's regulation implementing 18 U.S.C. 3621(e)(2)(B) has also always denied early release based on petitioner's offense[8]. The U.S. Supreme Court expressly held in Lopez that the BOP did not exceed its statutory authority in excluding § 922(g)(1) offenders from the category of nonviolent inmates eligible for a sentence reduction under § 3621(e)(2)(B). Thus, Mr. McKenzie cannot argue that the decision would have been different under a later or earlier version. The Tenth Circuit Court of Appeals has held that no due process violation occurred where the BOP applied the 1997 version of § 550.58 to a prisoner who had entered a drug treatment program after the 1997 regulation went into effect[9]. Hunnicutt, 229 F.3d at 1001, *citing* Cort v. Crabtree, 113 F.3d 1081, 1086-87 (9th Cir. 1997); Royal, 141 F.3d at 601-02 (aggrieved prisoner must show he was actually entitled to

---

[8] The 1995 BOP policy defined 18 U.S.C. § 922(g) convictions as crimes of violence under Program Statement 5162.02. The agency has been consistent in its interpretation of its regulation and enabling statute to exclude felons in possession of a firearm from early release. The 1997 version of § 550.58, which is also the current version, did not represent a change in position for the BOP, and accordingly might apply retrospectively. Orr v. Hawk, 156 F.3d 651, 654 (6th Cir. 1998); Parsons, 149 F.3d at 737.

[9] Unlike in one case considered to be "potentially meritorious" by the Tenth Circuit, petitioner does not allege that he entered or completed treatment prior to the 1997 regulation. See Grove v. Fed. Bureau of Prisons, 245 F.3d 743, 747 (8th Cir. 2001).

14

sentence reduction prior to issuance of new rule to avoid its application). Here, unlike in <u>Cort</u> the amended regulation and Program Statement applied by the BOP were adopted prior to Mr. McKenzie's entry into the DATP.

**<u>VALIDITY OF PS 5162.04</u>**

Petitioner asserts that PS 5162.04 should not have been utilized to deny him early release. Apparently, he is arguing that this program statement is invalid (Petition at 12-13), because it was issued without notice and comment under the APA. However, petitioner does not clearly state facts or arguments in support of this claim. In addition, he failed to fully exhaustion his administrative remedies on this APA claim.

Were this court faced with having to decide this issue, it would hold that the notice and comment provisions of the APA were not a prerequisite to the BOP's changing of this particular program statement. <u>See</u> <u>Taylor v. U.S. Bureau of Prisons</u>, 172 F.3d 879 at **2 (the Program Statement constitutes an informal interpretation of a statute, rather than a formal regulation). The APA requires that rules promulgated by administrative agencies undergo certain procedures, unless those rules are "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice." Generally, agencies issue interpretive rules to clarify or explain existing

15

law or regulations. If a rule is inconsistent with or amends an existing legislative rule, it cannot be interpretive, and must follow the applicable procedures of the APA. Whether an agency pronouncement is interpretive or substantive is a legal question. Program Statement 5162.04 was obviously not inconsistent with the regulation, and was thus a valid interpretive rule. Gunderson, 268 F.3d at 1154-55 (Program Statement 5162.04 did no more than "clarify or explain existing law."). Consequently, the BOP was not required to follow the notice and comment provisions of the APA procedures in promulgating PS 5162.04. See Reno v. Koray, 515 U.S. 50, 61 (1995); Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999); Royal, 141 F.3d at 600 (BOP's program statements are internal agency interpretations of its statutory regulations that usually do not require notice and comment.); Parsons, 149 F.3d at 734; Gunderson, 268 F.3d at 1151, FN2; Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Such program statements generally may be altered at will by the BOP. Jacks v. Crabtree, 114 F.3d 983, 985 FN1 (9th Cir. 1997), cert. denied, 523 U.S. 1009 (1998).

Petitioner has presented no other basis for his claim that the BOP could not rely on PS 5162.04 to deny him early release. "[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or

16

inconsistent with the regulation'." Stinson, 508 U.S. 36, 45 (1993), *quoting* Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945).  The BOP's interpretation of 3621(e) in its PS 5162.04 is not shown to violate either the Constitution or a federal statute, and therefore must be given due deference. Parsons, 149 F.3d at 737.  This court is presented with no valid reason to determine that the BOP exceeded its statutory authority or abused its discretion in denying Mr. McKenzie's application for a 3621(e)(2)(B) sentence reduction.  The court concludes that no grounds for federal habeas corpus have been presented.

**IT IS THEREFORE ORDERED that this action is dismissed and all relief denied.**

**IT IS FURTHER ORDERED that petitioner's Motion to Compel (Doc. 8) is denied as moot.**

**DATED:  This 27th day of June, 2006, at Topeka, Kansas.**

> **s/RICHARD D. ROGERS**
> **United States District Judge**